## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

CODY WILLIAMS,                         *
                                       *
            Plaintiff,                 *
v.                                     *          No. 4:22-cv-00078-JJV
                                       *
KILOLO KIJAKAZI,                       *
Acting Commissioner of the            *
Social Security Administration,        *
                                       *
            Defendant.                 *

## MEMORANDUM AND ORDER

Plaintiff, Cody D. Williams, appeals the final decision of the Commissioner of the Social Security Administration denying his claim for supplemental security income.   Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

## I.      BACKGROUND

Plaintiff, who was thirty-seven years old at the time of the administrative hearing, has a high school education and past relevant work as a painter. (Tr. 24, 196).  On May 7, 2019, he filed for benefits due to severe anxiety disorder, post-traumatic stress disorder, schizophrenia, reconstructed hand, and a separated shoulder. (Tr. 308).  The Administrative Law Judge ("ALJ") denied Plaintiff's claims in a March 22, 2021, decision finding that Mr. Williams was not disabled under the Act. (Tr. 16-26.) The Appeals Council received additional evidence and denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-4).

## II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found Plaintiff had not engaged in substantial gainful activity since May 7, 2019 - the application date.  (Tr. 18.)  He determined Mr. Williams had "severe" impairments in the form of depression, anxiety, schizophrenia and posttraumatic stress disorder. (*Id.*)  However, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 19-20.)

The ALJ assessed that Mr. Williams had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but limited to work "where interpersonal contact is limited."  (Tr. 20.)  The ALJ specified, "Interpersonal contact is defined as requiring a restricted degree of interaction, i.e., answering simple questions, responding appropriately to

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 220 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

supervisors and co-workers. Interaction with the public is infrequent and is not considered to be

an essential job duty. The complexity of tasks can be learned by demonstration or repetition within

30 days, with few variables, require little judgment and the supervision required is simple, direct

and concrete." (*Id.*)

Given this RFC, the ALJ determined that Plaintiff was unable to perform his past relevant

work as a painter. (Tr. 24.)   Therefore, the ALJ utilized the services of a vocational expert to

determine if jobs existed in significant numbers that Plaintiff could perform despite his

impairments.  (Tr. 206-208.)  Based on a set of hypothetical questions posed to the vocational

expert, the ALJ concluded Plaintiff could perform the jobs of automobile detailer, dishwasher, and

packager.  (Tr. 25.)  Accordingly, the ALJ determined Mr. Williams was not disabled.  (Tr. 25-

26.)

## III.   ANALYSIS

Plaintiff argues that he meets the requirements of Listing 12.03.  (Doc. No. 9 at 8-11.)  In

considering the Listings, the ALJ considered 12.03, 12.04, 12.06, and 12.15.  (Tr. 19.)  Listing

12.03 states:

> 12.03 Schizophrenia spectrum and other psychotic disorders (see 12.00B2),
> satisfied by A and B, or A and C:
> Medical documentation of one or more of the following:
> Delusions or hallucinations;
> Disorganized thinking (speech); or
> Grossly disorganized behavior or catatonia.
>
> AND
>
> Extreme limitation of one, or marked limitation of two, of the following areas of
> mental functioning (see 12.00F):
> Understand, remember, or apply information (see 12.00E1).
> Interact with others (see 12.00E2).
> Concentrate, persist, or maintain pace (see 12.00E3).
> Adapt or manage oneself (see 12.00E4).
>
> OR

Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and

Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R. Pt. 404, Subpart P, App. 1.

After considering the B criteria of Listing 12.03, the ALJ stated:

In understanding, remembering or applying information, the claimant has a moderate limitation. The claimant has a history of substance abuse, which could affect him in this domain. He alleged short-term memory difficulties. The claimant completed high school. His grades were "pretty good" and he was not in special education. Dr. Silber observed the claimant was fully organized, coherent, logical and reality based. (Ex. B6F). In interacting with others, the claimant has a marked limitation. The claimant alleged having anger issues, paranoia, occasional visual and auditory hallucinations. He testified that he has difficulty being around others, that he feels out of place and does not feel others should have authority over him. (Testimony). Dr. Silber noted he had intact insight and appropriate judgment. He did not observe any psychosis. (Ex. B6F). With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation. Dr. Silber found the claimant had poor attention/concentration during the examination but retains the ability to cope with the cognitive demands of work. He could persist and complete tasks in a timely manner. (Ex. B6F). As for adapting or managing oneself, the claimant has experienced a moderate limitation. The claimant lives with his mother, who performs most daily activities (i.e., cooking, cleaning and laundry). His stepmother said he has trust issues. Because the claimant's mental impairments do not cause at least two "marked" limitations or one "extreme" limitation, the "paragraph B" criteria are not satisfied.

(Tr. 19.)

A claimant has the burden of proving his condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. § 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). For a claimant to show that his impairment matches a listing, that impairment must meet all the specified medical criteria. *Marciniak*, 49 F.3d at 1353.

An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.*

The ALJ focused on the "B" and "C" criteria of the listings. (Tr. 19-20.) In considering his abilities, the ALJ concluded Plaintiff had only moderate limitations. (*Id.*) The ALJ found that though Plaintiff's depression, anxiety, schizophrenia, and PTSD were "severe" impairments, the "B" criteria were not satisfied because "the claimant's mental impairments do not cause at least two "marked" limitations or one "extreme" limitation." (Tr. 19.) The ALJ also found that the "C" criteria were not satisfied. (Tr. 19-20.) In coming to these conclusions, the ALJ largely relied upon the Medical Diagnostic Evaluation performed by Benjamin Silber, Ph. D. (Tr. 653-659)

Dr. Silber stated, "Based on the available information, the most appropriate diagnosis is Methamphetamine Use Disorder." (Tr. 656.) As the ALJ noted, during the evaluation Plaintiff had no indications of psychosis, was fully organized, coherent, logical, and reality based. (Tr. 654-655.) Dr. Silber's evaluation also revealed no significant effects from his mental impairments upon adaptive functioning. To the contrary, while Plaintiff asserted that his impaired concentration impacted his ability to cook or boil water, Dr. Silber assessed "he was more likely capable than his description." (Tr. 657.) Significantly, Dr. Silber noted, "He noted his inability to work as a painter was due primarily to his shoulder injury. His criminal charges and drug use since that time had also been disruptive to seeking and maintaining employment." (*Id.*)

Regarding Plaintiff's capacity to communicate and interact in a socially adequate manner, Dr. Silber noted that Plaintiff's social skill was within the expected range throughout the observation period. (*Id.*) Plaintiff was calm and maintained an agreeable and cooperative demeanor. (*Id.*) His communication was "articulate, effective, flexible, focused, interruptible, controlled, meaningful, organized, and relevant" throughout the evaluation. (*Id.*) Dr. Silber's belief was that - based on Plaintiff's ability to communicate during the evaluation - Plaintiff would

be capable of communicating with others in his typical environment. (*Id*.) Plaintiff did not appear distressed by testing and questioning throughout the exam and was able to maintain a calm presentation. (Tr. 658) While I recognize Plaintiff did exhibit poor concentration throughout the exam, Dr. Silber noted Plaintiff never needed questions repeated nor did he require redirection. (*Id*.)

Plaintiff had the burden of showing his mental impairments resulted in a marked restriction of activities of daily living; marked difficulties in maintaining social functioning; deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner; or repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behavior).  By only showing moderate limitations Plaintiff has not met either the "B" or "C" criteria in  Listing12.03.  Therefore, Plaintiff has failed to show he meets the requirements of either listing.

Although Plaintiff undoubtedly suffers from some degree of mental limitation, substantial evidence supports the ALJ's determination that he was still capable of performing work-related activities.   The ALJ properly focused on Plaintiff's ability to function despite his impairment, rather than focusing on his diagnosis.  A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs.  *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).  Plaintiff has largely submitted subjective complaints of his mental impairments.  Proof of a disabling impairment must be supported by at least some objective medical evidence.  *Marolf  v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992).  Accordingly, I find Plaintiff's argument to be without merit.

Plaintiff also argues that the ALJ failed to follow the Commissioner's guidelines with regard to his substance abuse.  Mr. Williams clearly has a substantial substance abuse issue.  However, as the Commissioner points out in her brief, Plaintiff was stable when compliant with his medication and stopped using illegal drugs.  Additionally, I find the Commissioner's response (Doc. No. 12 at 4-5) particularly compelling based on *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019).

Plaintiff has advanced other arguments[3], that I have considered and find to be without merit.  Counsel for both sides have done exemplary work on behalf of their respective clients.  But the overall medical evidence provides substantial support for the ALJ's determination that Mr. Williams is not disabled.

It is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

---

[3]  Including that the ALJ incorrectly determined Plaintiff's RFC, misapplied the standard of proof, failed to correctly assess his actual "work situation," erroneously relied on the lack of a treating physician's opinion, failed to give adequate weight to the statement of Plaintiff's mother, failed to provide analysis of the medical opinions, failed to acknowledge the burden shift, and the Social Security regulations and policy are unconstitutional.

IV.     **CONCLUSION**

IT IS, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's

Complaint is dismissed with prejudice.

DATED this 21st day of November 2022.

_____

JOE J. VOLPE